UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------

UNITED STATES OF AMERICA,

-against-

SHANDI ALEXANDER, 26 Cr. 410 (PAE)

Defendant.

--------------------------------------

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Andrew John Dalack, Esq.
Federal Defenders of New York
52 Duane Street - 10th Floor
New York, New York 10007
Telephone: (212) 417-8768
Andrew_Dalack@fd.org

Madeline Silva, Esq.
Debevoise & Plimpton LLP
66 Hudson Blvd.
New York, New York 10001
Telephone: (212) 909-6000
mmsilva@debevoise.com

*Counsel for Shandi Alexander*

## I. Introduction

Shandi Alexander respectfully submits this reply memorandum of law in further support of her motion to dismiss the Indictment (ECF No. 29). The government's opposition (ECF No. 31) does not answer the narrow question that motion presents. This prosecution rests on a single direct message, the full text of which is undisputed. Ms. Alexander's motion to dismiss does not, as the government argues, ask the Court to weigh extrinsic facts or resolve competing accounts regarding the context of the message. Rather, our motion makes a straightforward legal argument: that the words the government calls a threat—"They will get it too"—must be read together with the rest of the message, including the sentence that immediately follows, and that, when read as a whole as the law requires, the message expresses no serious intent to commit an act of unlawful violence, and no reasonable juror could find otherwise. Because that question can be resolved from the face of the charged communication, and because the First Amendment interests at stake make early resolution particularly important, the Court can and should decide it now under Rule 12(b)(3)(B)(v) and dismiss the Indictment for failure to allege a true threat.

The Indictment should also be dismissed for the independent reason that it fails to state an offense under 18 U.S.C. § 875(c) because it neither alleges Ms. Alexander's subjective intent nor pleads facts from which that intent could be inferred. The Court should reject the government's contention that the Indictment's

characterization of the message at issue as "threatening to kill and injure" amounts to factual allegations sufficient to support an inference of subjective intent.

## II. The Court Should Dismiss the Indictment Because It Fails to Allege a "True Threat"

The government's prosecution of Ms. Alexander is based on a single direct message that is, by the government's own account, the "first and only communication" between Ms. Alexander and the Complainant. The full text of that message is undisputed. See ECF No. 31-1 (Opp. Ex. A). The only issue Ms. Alexander's motion to dismiss on First Amendment grounds presents is whether those words, read as a whole, contain a "serious expression[]" of an intent "to commit an act of unlawful violence." *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (*quoting Virginia v. Black*, 538 U.S. 343, 359 (2003)). They do not. And because that question can be answered from the face of the charged communication, without resolving any disputed fact, it is properly decided by the Court now under Rule 12(b)(3)(B)(v).

The language that the government alleges constitutes a threat—"They will get it too"—when read in the context of the rest of the message, as the law demands, is plainly not a threat. Rather, as discussed in our opening brief, this phrase, which the government claims constitutes a "threat[] to kill and injure," must be read together with the sentence that immediately follows it: "Never think that his whiteness will protect them." *See* ECF No. 30 at 6. The full text of the message makes clear that "They will get it too" does not convey intent by Ms. Alexander to harm the Complainant's children; read as a whole, it conveys only a forecast that

those children will not be shielded from unspecified harm due to their father's "whiteness." Nothing in the message mentions injury, and none of its language affirmatively expresses a serious intent to harm anyone.

The government does not rebut this argument. Instead, it argues that a jury must decide the issue of whether the direct message, when "taken in context" of other evidence, is a true threat. But our argument is not that the Court should engage in factual inquiry regarding the context for the direct message to find that it is not a threat. Rather, it is that the portion of that message the government claims contains a threat must be read in the context of the message as a whole. This narrow, textual analysis to determine whether the message contains any language that could reasonably be interpreted to constitute a true threat is appropriately conducted by the Court at this stage. And because no reasonable juror could interpret the message as constituting a true threat, dismissal is warranted.

The government's opposition does not engage with the actual language of the message. It states that our "arguments invite the Court to step into the jury's role by weighing competing interpretations of her messages to Victim-1," Opp. at 12, but it has not actually advanced a competing interpretation of the direct message. Instead, it references "context" that it "will argue" at trial of Ms. Alexander "targeting Victim-1 after Victim-1 and her ICE officer husband were doxxed online, seeking out pictures of Victim-1's children, and sending private messages to Victim-1 with a picture of her children and saying, 'they will get it too.'" Opp. at 13.

Rather than engaging substantively with the text-based argument we advance, the government seeks to defer its resolution, citing the uncontroversial proposition that the issue of whether a particular statement constitutes a "true threat" is in most cases one that should be decided by a jury. But as the government itself acknowledges, there are cases "so clear . . . that they can be resolved as a matter of law." Opp. at 10 (*quoting United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013)). This is just such a case, and the Court should dismiss the Indictment because the government has failed—as a matter of law—to allege a true threat.

## III. The Indictment Fails to State a Violation of 18 U.S.C. § 875(c)

An indictment alleging a violation of § 875(c) "must . . . include an allegation as to the Defendant's subjective intent or contain sufficient factual information for the subject[ive] intent to be inferred." *United States v. Lemke*, No. 21-CR-100 (AKH), 2021 WL 3195470, at *2 (S.D.N.Y. July 28, 2021) (*citing United States v. Khan,* 937 F.3d 1042, 1049–50 (7th Cir. 2019) and *United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015)). The Indictment against Ms. Alexander does neither. The government nevertheless argues that the Indictment contains sufficient factual information to support an inference of subjective intent, citing *Lemke*, *Khan*, and *United States v. Telfair*, No. 19-CR-270, 2020 WL 550646 (E.D.N.Y. Feb. 3, 2020). The government is wrong.

*Lemke*, on which the government primarily relies, cites the Seventh and Eleventh Circuits' decisions in *Khan* and *Martinez*, respectively, for the proposition that an indictment sufficiently alleges *mens rea* with respect to the required

subjective intent when it provides "factual specificity as to the content of the threats made" from which that subjective intent can be inferred. 2021 WL 3195470, at *2 (*quoting Khan*, 937 F.3d at 1049-50). Both cases are instructive.

In *Khan*, the Seventh Circuit held that an indictment substantially more detailed than that here sufficiently alleged facts from which the defendant's subjective intent could be inferred. There, the indictment included—among other factual allegations—quotations from three Facebook posts, which read as follows:

> May 7 (Post 3): 'If I see a high value target Ima exploit it. I'm not killin sum bum on the street. I want a high net worth individual to shoot. I want this to be a real human tragedy. Much mourned. I have a month. Ima hunt aggressively tonight. Keep an eye out for ideal victims. If I don't catch nobody tonite then another nite.'
>
> May 8: 'Good dry run tonight. Saw a couple of excellent targets. The key is right approach and timing. There were many potential witnesses because it was a college student night. Inshallah the deed will be done well before the deadline I have set. ... When I have said something, it means I will do it. The rest is opportune timing.'
>
> May 14: 'The gun is cocked and ready to go. ... Now I'm gona get my revenge, and that involves putting bullets in someone's body, so get out of the way or I'll literally shoot at them as well and we'll end up with a much bigger scenario on our hands. I'm not leaving America without getting revenge even if it costs me my life. And that's that.'

*Id.* at 1047-48. The court held that the threats described in the indictment—to "get my revenge," "hunt aggressively," "exploit," and "kill" "ideal victims"—sufficiently "denote[d] purpose, knowledge, and intent." *Id.* at 1050. The level of factual detail included in the *Khan* indictment is plainly distinguishable from that here, where the Indictment references a purported "threat[] to kill and injure" the

Complainant's children but describes neither the words of that purported threat nor any factual allegations from which subjective intent could be inferred.

By contrast, *Martinez*, which the government seeks to distinguish, held that allegations substantially similar to those set forth in the Indictment against Ms. Alexander failed adequately to allege "facts from which [the defendant's] intent can be inferred, with regard to the threatening nature of [the communication at issue]." 800 F.3d at 1295. There, the indictment alleged:

> On or about November 10, 2010, in Broward County, in the Southern District of Florida, and elsewhere [the defendant] did knowingly transmit in interstate commerce a communication, that is an email form response, to WFTL Radio, **which communication contained a threat to injure the person of another,** in violation of Title 18, United States Code, Section 875(c).

*Id.* at 1294 (emphasis added). The Eleventh Circuit held that the description of the defendant's email as "contain[ing] a threat to injure the person of another" was insufficient to allege the requisite subjective intent. Likewise, here, the rote description of Ms. Alexander's message as containing a "threat[] to kill and injure Victim-1's children" is insufficient.

To the extent *Lemke* holds otherwise, we respectfully submit that it was wrongly decided. Finally, *Telfair* is not instructive here, because the defense in that case did not advance the argument that the indictment failed to allege the requisite subjective intent element. *See Telfair*, 2020 WL 550646.

## IV. Conclusion

For the foregoing reasons and those set forth in her opening brief, Ms. Alexander respectfully requests that the Court dismiss the Indictment.

Dated: New York, NY
November 5, 2026

Respectfully submitted,

*/s/Madeline Silva*

Andrew John Dalack, Esq.
Federal Defenders of New York
52 Duane Street - 10th Floor
New York, New York 10007
Telephone: (212) 417-8768
Andrew_Dalack@fd.org

Madeline Silva, Esq.
Debevoise & Plimpton LLP
66 Hudson Blvd.
New York, New York 10001
Telephone: (212) 909-6000
mmsilva@debevoise.com

*Counsel for Shandi Alexander*